# EXHIBIT B

STATE OF WISCONSIN  CIRCUIT COURT  DUNN COUNTY
           BRANCH 2

---

BRADLEY JOHNSON, et al.

   Plaintiffs,

               Case No. 17CV206

v.

PEMBER COMPANIES, INC.

   Defendant.

---

## CLASS ACTION SETTLEMENT AGREEMENT

---

  This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") between putative Class Representatives, Bradley Johnson and Christopher Etlicher ("Plaintiffs" or "Class Representatives"), individually and on behalf of the Putative Settlement Class and Pember Companies, Inc., its predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, affiliates, and all other person acting by, through, or in concert with them (hereinafter "Pember" or "Defendant") was reached after negotiations between counsel for all parties and mediation with Attorney David Richie on April 24, 2018 and is entered into as of the date of the signatures below.

### RECITALS

  1. On March 6, 2017, Plaintiff Bradley Johnson filed a class action Complaint in the circuit court for Sauk County, Wisconsin. The Sauk County Circuit Court, on July 26, 2017 transferred the case to the Dunn County Circuit Court ("Court"). Plaintiff's Complaint alleged that Pember violated Wisconsin wage and hour and Wisconsin and Minnesota prevailing wage law. Plaintiffs subsequently filed an Amended Complaint, the operative pleading in this action, which raised allegations on behalf of the following putative classes:

> (Wisconsin Class) All Pember employees who, on or after March 2, 2015, either (1) was not paid for drive time between a Pember jobsite and the Pember shop immediately after working in the shop; (2) was not paid for drive time between a Pember jobsite and the Pember shop immediately before working in the shop; (3) was not paid for drive time during a workweek when his down time between shifts is less than the sum of the amount of time required for a roundtrip commute home and seven hours; or (4) did not receive overtime pay for all hours worked over 40 per week.

> (Minnesota Class) All Pember employees who, on or after March 2, 2015, worked on a Minnesota public works project with state funding.

2. The Class Representatives and the Putative Settlement Class are represented by The Previant Law Firm, S.C., by Attorney Yingtao Ho ("Class Counsel"). Class Counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Amended Complaint and has likewise investigated the law regarding the claims against Pember and Pember's asserted defenses. The Class Representatives recognize the risk and expense associated with a trial of the class claims and any further appeals that may follow, and the uncertainty inherent in complex litigation, and have concluded that the settlement set forth in this Agreement is in their best interest and the best interest of the Putative Settlement Class, and ultimately, judicial economy.

3. Pember denies that is liable to the Class Representatives or to the Putative Settlement Class and denies that its actions violated Wisconsin or Minnesota wage and hour or prevailing wage laws. Pember's counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Amended Complaint and likewise investigated the law regarding the claims against Pember and the asserted defenses. Pember is willing to enter into this Agreement to avoid the further expense, uncertainty, and inconvenience of litigation and has concluded that it is in its best interest to resolve and settle all claims which have been made, or which could have been made against it by the Putative Settlement Class arising out of the matters alleged in the Complaint and Amended Complaint and Pember's alleged violation of Wisconsin and Minnesota wage and hour and prevailing wage laws.

4. In consideration of the foregoing and other good and valuable consideration, the Class Representatives and Pember stipulate and agree that the claims of the Class Representatives and the Settlement Class against Pember should be and are hereby compromised and settled, subject to the final approval of the Court after a hearing and upon entry of a final judgment of dismissal with prejudice and provided in this Agreement, all subject to the following terms and conditions. This Agreement shall be filed as **Exhibit A** to the Joint Motion for Preliminary Approval of the Settlement.

## SETTLEMENT TERMS

1. **EFFECTIVE DATE.** The "Effective Date" of this Agreement shall be the later of (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken or; (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, certiorari, rehearing, or any proceedings resulting therefrom have been disposed of in such a manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change. The Parties waive their rights to appeal from any Final Order approving this Agreement.

2. **CLASS DEFINITION.** For purposes of this settlement only, Class Representatives and Pember agree to the Court's certification of the following Putative Settlement Class:

2

> All jobsite hourly employees who worked for Pember Companies, Inc. for at least ½ a month on jobsites between March 1, 2015 and May 31, 2018.

For purposes of this Agreement, the members of the Putative Settlement Class shall include only the individuals named in **Appendix A** of this Agreement. The "Settlement Class" shall consist of all members of the Putative Settlement Class who do not exclude themselves from the settlement. The "Final Settlement Class" will consist of those members of the Settlement Class who timely submit a valid Claim Form pursuant to the terms of this Agreement and the Class Notice.

Upon execution of this Agreement, the Parties will jointly request that the Court preliminarily find that this Agreement is fair to all Putative Settlement Class members and approve the Class Notice attached as **Appendix B** to this Agreement, to be sent to members of the Putative Settlement Class via first-class U.S. Mail.

3. **CONSIDERATION.** In consideration for the release of claims as stated herein by members of the Settlement Class, Pember shall pay no more than seventy-six thousand dollars ($76,000.00) in Settlement Proceeds to be apportioned as follows:

    a. Up to $55,000.00 payable to the members of the Putative Settlement Class who do not exclude themselves from the settlement and who submit a timely valid Claim Form for their allocation of Settlement Proceeds under this Agreement. Allocation of Settlement Proceeds to Final Settlement Class members shall be as follows:

        i. $55,000 times the number of months worked by the class member between March of 2015 and May of 2018, then divided by the total number of months worked by all class members between March of 2015 and May of 2018.

    If under the above formula total recovery for all class members who timely filed valid Claim Forms is under $30,000, the recovery of each class member shall be computed as follows:

        ii. $30,000.00 times number of months worked by the class member, between March 2015 and May 2018, divided by total number of months worked by all class members, between March 2015 and May 2018, who timely submitted a valid Claim Form.

    b. Service Payments of $2,000.00 to Bradley Johnson and $2,000.00 to Christopher Etlicher for their efforts in resolving this matter on behalf of the Putative Settlement Class. Class counsel will petition the Court for Service Payments not to exceed $4,000.00. Pember agrees that it will take no

3

position in favor or against requested Service Payments provided they do not exceed a total sum of $4,000.00.

c. $17,000.00 payable to The Previant Law Firm, S.C. as reasonable Attorney's Fees and costs incurred by the Class Representatives and Putative Settlement Class in this matter, inclusive of litigation costs and settlement administration costs, and as approved by the Court. Class Counsel will petition the Court for an award of Attorney's Fees, costs, and administration-related expenses, not to exceed $17,000.00. Pember agrees that it will take no position in favor of or against a requested award of Attorney's Fees, costs, and administration-related expenses provided the request does not exceed $17,000.00. However, in the event that the application of the formulas outlined in paragraph 3(a) of this agreements results in Troy Prill receiving less than $900.00, or Jordan Krallbrier receiving less than $200.00, Prill shall receive $900.00 in **Appendix A**; while Krallbrier will receive $200.00 in **Appendix A**. Any additional payments to Prill and Krallbrier authorized by this paragraph shall reduce the maximum amount that The Previant Law Firm may petition to receive from the Court.

d. Each member of the Putative Settlement Class who does not exclude him/herself as provided under this Agreement and who timely submits a valid Claim Form, shall be entitled to his or her respective portion of the Settlement Proceeds set forth in subparagraph (a.) above and **Appendix A** to this Agreement.

e. However, if total timely valid claims, based upon the apportionment set forth in **Appendix A** to this Agreement total less than $30,000.00, then such apportionment of Settlement Proceeds for members of the Final Settlement Class shall be recalculated as set forth in Section 3(a) of this Agreement.

f. The Service Payment set forth in subparagraph (b.) above shall be conditioned on Class Representatives submitting to counsel for Pember an IRS Form W-9. Such Service Payment shall also be conditioned upon the Court entering a Final Order approving the Class Settlement.

g. In the event the Court awards less than the amount requested for the Service Payments or for Attorney's Fees, costs and administration-related expenses, the difference between the amounts requested and the amounts awarded shall be added to that portion of the Settlement Proceeds to be distributed to the Final Settlement Class based upon the calculations set forth herein and in **Appendix A** to this Agreement, and further subject to the terms of this Agreement.

h. Payment of Settlement Proceeds to the Final Settlement Class shall be in the amounts set forth in **Appendix A** to this Agreement, with those adjustments,

4

if any, resulting from any court-ordered reductions to requested Service Payments or attorney's fees or adjustments made based upon the total amount of timely valid claims submitted.

4. **CLASS LIST.** Pember shall provide to Class Counsel a list of those past and current Pember employees who are in the Putative Settlement Class ("Class List"). The Class List shall include the name and last known address of members of the Putative Settlement Class as well as the number of months each member of the Putative Settlement Class worked in an employment position covered by the Class Definition during the Class Period. Any calendar months in which a member of the Putative Settlement Class was employed in a position covered by the Class Definition during the Class Period for at least one-half of the months shall be counted toward the Putative Settlement Class member's total months worked. Class Counsel may make, and Pember shall accommodate, reasonable requests for documentation supporting Pember's calculation of month worked by a member of the Putative Settlement Class.

5. **SETTLEMENT PAYMENTS.** Pember shall pay up to, but no more than, seventy-six thousand dollars ($76,000.00) in Settlement Proceeds. Settlement Proceeds shall be paid in accordance with the allocation provided above. Payments to members of the Final Settlement Class shall be allocated as two-thirds W-2 wages and one-third 1099 non-wage income.

Class Counsel shall administer the settlement in this matter. Payments of Settlement Proceeds shall be remitted to The Previant Law Firm, S.C., Attn: Yingtao Ho, at 310 W. Wisconsin Avenue, Suite 100 MW, Milwaukee, Wisconsin 53202. Within seven (7) days following the Effective Date of this Agreement, Pember will provide to Class Counsel, checks for the following:

   a. Amounts allocated to each member of the Final Settlement Class, as set forth in **Appendix A**, as modified, if necessary, by reductions by the Court in the amount of requested Service Payments or Attorney's Fees, costs, and administration-related expenses requested by Class Counsel, or increases if timely valid claims total less than $30,000.00 in the form of a W-2 wage check and a 1099 non-wage income check.

   b. Those amounts approved by the Court for Service Payments to Bradley Johnson and Christopher Etlicher, all of which shall be treated as 1099 non-wages.

   c. In addition, Pember will provide to Class Counsel the amount awarded by the Court for Attorney's Fees, costs, and administration-related expenses.

Class counsel shall send via first class mail, within seven (7) calendar days of receipt of the Settlement Proceeds, checks to all Final Settlement Class members. Members of the Final Settlement Class shall have one hundred twenty (120) days to cash checks representing payment of Settlement Proceeds. Class Counsel shall advise counsel for Pember as to the date on which settlement checks were mailed to members of the Final Settlement Class. Class Counsel shall

5

also advise counsel for Pember as to all checks that were returned as non-deliverable and Pember, through its counsel, shall advise Class Counsel of all checks that were not cashed at the conclusion of the one hundred twenty (120) day check cashing period.

6. **RELEASE OF COMPENSATION CLAIMS.** As consideration for this Agreement, and upon the Effective Date, the members of the Settlement Class, including each and every one of their respective present, former and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit (collectively "Releasors") hereby release and discharge Pember as well as its respective predecessors and successors in interest, and present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Pember performs services (collectively "Releasees") from any causes of action, suits, claims, or demands, known or unknown at this time, which the Class Representatives and Settlement Class members now have or ever had against the Releasees arising out of Pember's alleged failure to pay compensation through the date this Agreement is fully executed by the parties.

7. **JOINT MOTION FOR PRELIMINARY APPROVAL.** The parties will jointly request Preliminary Approval of the settlement set forth in this Agreement by no later than May 31, 2018. The Joint Motion for Preliminary Approval will request the following relief in the form of an Order that:

    a. Preliminarily approves this class settlement as fair, reasonable and adequate;

    b. Certifies, for settlement purposes only, this case as a class action pursuant to Wis. Stat. § 803.08;

    c. Appoints Bradley Johnson and Christopher Etlicher as Class Representatives;

    d. Appoints The Previant Law Firm, S.C. as Class Counsel pursuant to Wis. Stat. § 803.08(12);

    e. Approves the Class Notice, Opt Out Form and Claim Form in the form set forth in **Appendices B and C** of the Class Settlement Agreement for distribution to all members of the Putative Settlement Class;

    f. Finds that the Class Notice to be given constitutes the best notice practicable under the circumstances, including individual notices to all Putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Putative Settlement Class members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

g. Directs that each member of the Putative Settlement Class who wishes to be excluded from the Settlement Class must opt out or exclude him or herself by no later than forty-five (45) days after the mailing of the Class Notice ("Exclusion Period"), per the instructions set forth in the Class Notice and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

h. Directs that any member of the Putative Settlement Class who does not exclude him or herself, who wishes to object to the Settlement, must provide such objection, as set forth below, within forty-five (45) days after the mailing of the Class Notice;

i. Directs that any member of the Putative Settlement Class who wishes to participate in the Settlement and receive compensation under the terms of this Agreement, shall submit a Claim Form no later than forty-five (45) days after the mailing of the Class Notice, per the instructions set forth in the Class Notice ("Claim Period");

j. Directs that any member of the Putative Settlement Class who does not exclude him or herself shall be bound by this Agreement, in the event the Court issues a Final Order approving the Settlement;

k. Schedules a Fairness Hearing approximately forty-five (45) days after the conclusion of the Claim Period to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving the Settlement should be entered; and

l. Directs that Class Counsel shall file a petition for attorney's fees and costs at least twenty-one (21) days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of attorney's fees, costs and administration-related fees and costs that shall be awarded to Class Counsel.

The fact that the Court may require non-substantive changes to the Parties' proposed Preliminary Approval Order does not invalidate this Agreement. If the Court refuses to grant preliminary approval, then this Agreement shall be null and void and the provisions of paragraph 17 will apply.

The Parties agree that this matter is not governed by the Class Action Fairness Act ("CAFA") and therefore CAFA notices are not required.

8. **NOTICE PROCEDURE.** Notice procedures shall be as follows: Class Counsel will deliver to all members of the Putative Settlement Class, by U.S. mail, a copy of the Class Notice (attached as **Appendix B** to this Agreement), as approved by the Court, setting forth the settlement terms, procedure for submitting a timely valid Claim Form, a procedure for excluding

oneself from the settlement, and the procedure for making an objection to the settlement. Class Counsel shall promptly advise counsel for Pember of the date on which Class Notices were mailed. For any Class Notice which is returned as non-deliverable, Class Counsel may perform a single skip trace or other appropriate step, such as a public records search through internet legal research software, to identify a proper current address for members of the Putative Settlement Class whose Class Notice was returned as non-deliverable and may re-mail the Class Notice to all such members of the Putative Settlement Class. For Class Notices which are returned as non-deliverable, Pember, if requested, will provide social security numbers for those members of the Putative Settlement Class. If, after a second mailing of the Class Notice, the Class Notice is returned by the postal service as non-deliverable, the Parties shall be deemed to have satisfied their obligations to provide the applicable Class Notice to any such member of the Putative Settlement Class. Class Counsel shall not initiate any further contact with or communication with members of the Putative Settlement Class but may respond to inquiries from Putative Settlement Class members. Similarly, Pember shall not initiate contact with Putative Settlement Class members to discuss whether they should opt out of this settlement, or file a claim form.

9. **OBJECTIONS BY SETTLEMENT CLASS MEMBERS.** Any member of the Settlement Class who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Approval Order (which shall be no later than forty-five (45) days after the mailing of the Class Notice), file any such objections with the Court and provide copies of the objection to both Class Counsel and counsel for Pember, as provided in the Class Notice.

    a. **FORM OF OBJECTIONS.** Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (c) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (**d**) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any member of the Settlement Class who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

10. **REQUEST FOR EXCLUSION BY PUTATIVE SETTLEMENT CLASS MEMBERS.** Any Putative Settlement Class member who wishes to be excluded from the Settlement Class must submit a request for exclusion as set forth in the Class Notice by no later than forty-five (45) days after mailing of the Class Notice. Class Counsel shall file any exclusion that it receives pursuant to this paragraph with the Court. Any Putative Settlement Class member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement and shall be deemed to have released their Wisconsin and Minnesota wage and hour claims.

11. **CLAIMS MADE PROCESS.** The Parties agree to a claims made process. In order to receive Settlement Proceeds under the terms of this Agreement, a member of the Settlement Class must timely submit a valid Claim Form on the form approved by the Court. To be "timely" the Claim Form must be postmarked by no later than forty-five (45) days after the date on which the Class Notice was mailed to members of the Putative Settlement Class. A Claim Form is "valid" if it is complete, accurate and signed by the Settlement Class member. If a Settlement Class member does not timely submit a valid Claim Form, he or she will receive no Settlement Proceeds under this Agreement, but will release all claims covered by this Agreement. In the event a member of the Settlement Class timely submits a Claim Form but omits any required information, Class Counsel shall immediately notify such member of the omitted information and provide the member of the Settlement Class with twenty (20) days from the date Class Counsel receives the deficient Claim Form, or until the end of the forty-five (45) days claim period, whichever is longer, to cure any deficiencies. Class counsel shall provide to counsel for Pember a copy of any Claim Form submitted during the Claim Period.

12. **FAIRNESS HEARING.** The Parties agree to request a Fairness Hearing within forty-five (45) days of the conclusion of the Claim Period. On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held, at which the Court will: (a) decide whether to certify the Settlement Class; (b) decide whether to approve the Settlement Agreement as fair, reasonable and adequate; and (c) decide Class Counsel's Motion for Service Payments and Attorney's Fees and costs.

13. **REVERSION.** **Appendix A** to the Settlement Agreement sets forth that amount of Settlement Proceeds allocated to each member of the Putative Settlement Class. For all members of the Putative Settlement Class who timely exclude themselves from the settlement, that amount allocated to such Putative Settlement Class members shall revert to Pember. For those members of the Settlement Class who do not timely submit a valid Claim Form, the amount allocated to such Settlement Class members, as set forth in **Appendix A** to this Agreement shall revert to Pember. In no event shall the amount of Settlement Proceeds allocated for payment of claims by members of the Final Settlement Class, not counting class representative incentive awards and attorney's fees, be less than $30,000.00. If, following the close of the Claim Period and Exclusion Period, the total amount of claims for those submitting timely valid Claim Forms is less than $30,000.00, then the formula for calculating Final Settlement Class members' allocations shall be modified, as set forth in Section 3(a)(ii) of this Agreement.

14. **ENTRY OF JUDGMENT.** If this Agreement is finally approved by the Court, a Final Approval Order, directing the entry of judgment, pursuant to Wis. Stat. § 806.06, shall be entered as follows:

    a. Certifying the Settlement Class pursuant to Wis. Stat. § 803.08;

    b. Approving this Agreement as fair, reasonable and adequate as it applies to the Settlement Class;

9

    c.    Appointing Bradley Johnson and Christopher Etlicher as Class Representatives for the Settlement Class;

    d.    Appointing The Previant Law Firm, S.C. as Class Counsel;

    e.    Declaring this Agreement to be binding on Pember, Bradley Johnson, Christopher Etlicher, and the members of the Settlement Class;

    f.    Dismissing Dunn County Circuit Court Case No. 17CV206 and the claims asserted in that Lawsuit by Bradley Johnson and Christopher Etlicher with prejudice and without further costs to the Parties;

    g.    Dismissing with prejudice and without further costs to the Parties the released claims of the Settlement Class;

    h.    Dismissing without prejudice the claims of the members of the Putative Settlement Class who properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

    i.    Indicating the amount of the Service Payments to Bradley Johnson and Christopher Etlicher and Attorney's Fees and costs to be awarded to Class Counsel consistent with the Settlement; and

    j.    Designating that those unclaimed Settlement Proceeds, as set forth in Wis. Stat. § 803.08(10), shall be paid to the Wisconsin Trust Account Foundation, Inc. ("WisTAF").

    15.    **UNCLAIMED SETTLEMENT PROCEEDS**. Any unclaimed amounts of the Settlement Proceeds due to failure to cash a check within 120 days of its issuance ("Expiration Date") shall be paid to WisTAF within ninety (90) days of the Expiration Date. The amounts allocated to Class Representative Service Payments, litigation and administrative costs, and Attorney's Fees shall not be impacted. Pember's counsel shall provide an accounting of unclaimed funds paid to WisTAF under this paragraph within ten (10) days of making such payment.

    16.    **BLOW UP PROVISION**. If more than twenty percent (20%) of members of the Putative Settlement Class exclude themselves from the Settlement, then, at Pember's option, and by no later than seven (7) days after the close of the Exclusion Period, this Agreement and the Preliminary Approval Order shall be null and void, and the Lawsuit will continue pursuant to schedule to be set by the Court with all parties retaining and Putative Class Members retaining all of the claims and defenses that existed at the time of the settlement. Pember shall notify the Court and Class Counsel of their decision to invoke this provision of the Agreement by filing a notice with the Court of its intent to do so and requesting the Court set a time for a scheduling conference according to the time limit stated herein.

10

17. **AGREEMENT NULL AND VOID IF NOT APPROVED BY THE COURT.** If this Agreement fails to be preliminarily or finally approved by the Court, then this Agreement shall be null and void and the Lawsuit will continue pursuant to a schedule to be set by the Court with all parties retaining and Putative Settlement Class retaining all of their claims and defenses that exited at the time of the settlement.

18. **NO ADMISSION OF LAW OR FACT THROUGH THIS AGREEMENT.** In the event this Agreement shall become null and void for any reason, the provisions of Wis. Stat. Sections 904.08 and 904.08(5) will apply. No admission of law or fact, or combination thereof, will be found to exist as a result of this Agreement.

19. **NO ADMISSION OF LIABILITY OR LACK OF MERIT THROUGH THIS AGREEMENT.** Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed to be evidence of an admission or concession by the Class Representatives. Or the Putative Settlement Class of lack of merit, or by Pember of any liability or wrongdoing whatsoever, whether as alleged in the Complaint, Amended Complaint or otherwise. Pember specifically denies that the conduct alleged in the Complaint and Amended Complaint gives rise to any such liability.

20. **ENTIRE AGREEMENT.** The Parties acknowledge that this Agreement, along with all Appendices to this Agreement, constitute the entire agreement among the Parties, and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect. This Agreement includes all the representations of every kind and nature made by the Parties one to the other.

21. **AMENDMENTS.** The Parties agree that no party shall be deemed to have drafted this Agreement. The Parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

22. **COUNTERPARTS.** This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. The Parties agree that a facsimile, PDF or other electronic signature to this Settlement Agreement shall be treated and deemed as an original signature.

23. **NO ASSIGNMENT.** Each person executing this Agreement on behalf of any party hereto hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

24. **AGREEMENT TO COOPERATE FOR APPROVAL OF THE SETTLEMENT.** The Parties to this Agreement agree to cooperate in the submission of this Agreement to the Court. As soon as practicable, they will take all necessary steps to secure the Court's Preliminary Approval of this Agreement. After notice to the Putative Settlement Class and an opportunity to object, the Parties will take all steps reasonably necessary to secure the Court's Final Approval of the Agreement and to secure the dismissal of this Lawsuit with

prejudice, on and subject to the procedures and conditions set forth herein. The Parties shall cooperate in taking any such other steps as may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Agreement and the settlement provided for herein.

25. **WAIVER OF CLAIMS FOR ATTORNEY'S FEES AND COSTS**. In consideration of this Agreement, Bradley Johnson and Christopher Etlicher hereby waive, discharge and release the Releasees, as defined herein, of and from any and all claims for Attorney's Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this Lawsuit, except for the Attorney's Fees and costs that are awarded by the Court in this Lawsuit pursuant to the yet-to-be-filed petition by Class Counsel.

26. **CHOICE OF LAW**. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASS:**

_____          _____
Bradley Johnson                                                       Date

_____          _____
Christopher Etlicher                                                  Date

**ON BEHALF OF PEMBER COMPANIES, INC.**

By: _____

Name: _Brent Pember_

Title: _President_

Date: _5/31/18_

26. **CHOICE OF LAW.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASS:**

_____   May 29, 2018
Bradley Johnson              Date

_____   _____
Christopher Etlicher         Date


**ON BEHALF OF PEMBER COMPANIES, INC.**

By: _____

Name: _____

Title: _____

Date: _____

26. **CHOICE OF LAW.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASS:**

_____          _____
Bradley Johnson                          Date

_/s/ Christopher Etlicher_____           5-30-18
Christopher Etlicher                     Date

**ON BEHALF OF PEMBER COMPANIES, INC.**

By: _____

Name: _____

Title: _____

Date: _____

12